IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VIBRON LLOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:16CV09890 |
| CITY OF CHICAGO, a municipal ) | |
| corporation, OFFICER ROBERT FISCHER, ) | Honorable Sara L. Ellis |
| #17901 and OFFICER JOSE PELAYO ) | |
| #10417, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendants. ) | |

**THIRD AMENDED COMPLAINT**

Plaintiff, VIBRON LLOYD, by his attorney, Brad J. Pawlowski of FRITZSHALL & PAWLOWSKI, complaining of Defendants, CITY OF CHICAGO, a municipal corporation, OFFICER ROBERT FISCHER #17901 ("FISCHER"), and OFFICER JOSE PELAYO #10417 ("PELAYO"), alleges as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to the Civil Rights Act of 1971, 42 U.S.C. §§ 1983 and 1988.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The acts and omissions giving rise to Plaintiff's claims occurred at or about 4031 West Madison Street and 3151 West Harrison Street, Chicago, Illinois, and therefore, pursuant to 28 U.S.C. § 1391 (b), the appropriate venue for this action is the United States District Court for the Northern District of Illinois, Eastern Division.

**IDENTIFICATION OF PARTIES**

4. At all times relevant, Plaintiff VIBRON LLOYD was a resident of the City of Chicago, County of Cook, State of Illinois.

5. At all times relevant, Plaintiff VIBRON LLOYD was a citizen of the State of Illinois, United States of America, and was entitled to all of the rights, privileges, and immunities accorded to all citizens of the United States of America.

6. At all times relevant, Defendant CITY OF CHICAGO was a municipal corporation located in Cook County, Illinois, and under the purview of the laws of the State of Illinois. Defendant CITY OF CHICAGO is the employer and principal of the Chicago Police Department and its agents and employees.

7. Defendant FISCHER is a resident of the State of Illinois and the United States. At all relevant times, Defendant FISCHER was employed as a police officer for Defendant CITY OF CHICAGO and was acting within the scope of his employment as a Chicago police officer. Defendant FISCHER committed the acts and omissions complained of herein while acting within the scope and course of his employment and official duties as a police officer for Defendant CITY OF CHICAGO. He is sued in his individual capacity.

8. Defendant PELAYO is a resident of the State of Illinois and the United States. At all relevant times, Defendant PELAYO was employed as a police officer for Defendant CITY OF CHICAGO and was acting within the scope of his employment as a Chicago police officer. Defendant PELAYO committed the acts and omissions complained of herein while acting within the scope and course of his employment and official duties as a police officer for Defendant CITY OF CHICAGO. He is sued in his individual capacity.

**COMMON ALLEGATIONS**

9. On or about July 30, 2015, Plaintiff VIBRON LLOYD was operating a motor vehicle on West Madison Street in Chicago, Illinois, at or about 4031 West Madison Street.

10. At or about 4031 West Madison Street, a marked Chicago police vehicle pulled over Plaintiff's motor vehicle.

11. Defendants FISCHER and PELAYO approached Plaintiff VIBRON LLOYD's vehicle as part of the traffic stop.

12. Defendants FISCHER and PELAYO inquired as to whether Plaintiff VIBRON LLOYD's **motor** vehicle contained drugs or weapons.

13. Plaintiff VIBRON LLOYD advised that there were no drugs or weapons in the vehicle or in his possession.

14. Defendant PELAYO instructed the passengers of Plaintiff VIBRON LLOYD's vehicle to exit Plaintiff's motor vehicle and walk away from the scene of the traffic stop.

15. After the occupants left the vehicle, without lawful justification, Defendant FISCHER handcuffed Plaintiff VIBRON LLOYD, and placed him inside the marked Chicago Police vehicle operated by Defendant FISCHER and/or PELAYO.

16. Defendants FISCHER and PELAYO searched Plaintiff VIBRON LLOYD's motor vehicle, which included the front and back seats, glove compartment(s), bags within the motor vehicle, and attempted to rip open panels of the vehicle's doors. Defendant FISCHER used profanity directed at Plaintiff VIBRON Lloyd while conducting this search.

17. After the search concluded, Defendant FISCHER physically and verbally abused Plaintiff VIBRON LLOYD.

18. Plaintiff VIBRON LLOYD requested Defendant FISCHER refrain from striking him to avoid serious physical injury, including further injury to a surgical site on his abdomen.

19. Defendant FISCHER **repeatedly** struck Plaintiff VIBRON LLOYD in the abdomen with a closed fist, causing Plaintiff VIBRON LLOYD to vomit.

20. Defendants FISCHER and PELAYO forced Plaintiff VIBRON LLOYD to the ground.

21. Defendant FISCHER struck Plaintiff VIBRON LLOYD's head on the pavement, causing further physical injury to Plaintiff VIBRON LLOYD.

22. Defendant PELAYO then again struck Plaintiff VIBRON LLOYD in the right side of his abdomen.

23. Defendant PELAYO tightened Plaintiff VIBRON LLOYD's handcuffs excessively causing further injury to Plaintiff VIBRON LLOYD.

24. Defendants FISCHER and PELAYO transported Plaintiff VIBRON LLOYD to the 11th district police station located at 3151 West Harrison Street, Chicago, Illinois.

25. Plaintiff VIBRON LLOYD repeatedly requested but was denied medical attention throughout this course of events.

26. Defendant FISCHER responded to Plaintiff VIBRON LLOYD's requests for medical attention with further profanity and/or other aggressive conduct.

27. Plaintiff VIBRON LLOYD's motor vehicle was stopped by Defendants FISCHER and PELAYO due to the appearance of his vehicle and race of its occupants.

28. Such stop was made in accordance with Defendant CITY OF CHICAGO's long-standing, widespread and well-settled practice and custom of directing and/or training its patrol officers to stop and search all vehicles, based solely upon the vehicles fitting a general description and containing non-Caucasian occupants.

29. Specifically, during his transport to the police station and while detained in the back of the squad car, Plaintiff VIBRON LLOYD asked PELAYO and FISCHER why he was pulled over in the first place. Defendant FISCHER responded by stating that it was due to the "rims" on the vehicle and the fact that the vehicle contained "black guys." Defendant FISCHER then went on to explain that "[their] [FISCHER's and PELAYO's] commander told [them] that if [they] see more than two black guys in a vehicle with rims on it, pull them over and search for guns and drugs." *See* Page 3, ¶18, of Plaintiff's Original Complaint, attached hereto.

30. Plaintiff VIBRON LLOYD again requested but was refused and denied medical attention while detained at the CITY OF CHICAGO police station.

31. Plaintiff VIBRON LLOYD sustained injuries as a result of the conduct of Defendants FISCHER and PELAYO.

32. Defendants FISCHER and PELAYO took no action to secure appropriate medical treatment for Plaintiff VIBRON LLOYD while he was in the custody of Defendant CITY OF CHICAGO.

33. Defendants FISCHER and PELAYO violated Defendant CITY OF CHICAGO's policies and procedures by ignoring Plaintiff VIBRON LLOYD's requests for medical attention while he was in the custody of Defendant CITY OF CHICAGO.

### COUNT I
### VIBRON LLOYD v. OFFICER ROBERT FISCHER #17901
### Violation of Civil Rights – 42 U.S.C. §§ 1983 and 1988

34. Plaintiff hereby reasserts paragraphs one (1) through thirty-three (33) as though fully set forth herein.

35. On July 30, 2015, and at all times relevant, the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution prohibited unreasonable seizure of a person and cruel and unusual

punishment by a police officer of Defendant CITY OF CHICAGO, like Defendant FISCHER, acting under color of law.

36. On July 30, 2015, the actions of Defendants FISCHER violated the Fourth, Eighth, and Fourteenth Amendment rights of Plaintiff VIBRON LLOYD under the United States Constitution and were in violation of 42 U.S.C. §§ 1983 and 1988.

37. As a proximate result of the actions of Defendant FISCHER, Plaintiff VIBRON LLOYD sustained injuries of a personal and pecuniary nature, including violations of his Constitutional rights.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff VIBRON LLOYD demands judgment against Defendant FISCHER for compensatory damages, punitive damages, attorneys' fees, costs, and for such other relief that this court deems just and equitable.

**COUNT II**
**VIBRON LLOYD v. OFFICER JOSE PELAYO #10417**
**Violation of Civil Rights – 42 U.S.C. §§ 1983 and 1988**

38. Plaintiff hereby reasserts paragraphs one (1) through thirty-seven (37) as though fully set forth herein.

39. On July 30, 2015, and at all times relevant, the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution prohibited unreasonable seizure of a person and cruel and unusual punishment by a police officer of Defendant CITY OF CHICAGO, like Defendant PELAYO, acting under color of law.

40. On July 30, 2015, the actions of Defendant PELAYO violated the Fourth, Eighth, and Fourteenth Amendment rights of Plaintiff VIBRON LLOYD under the United States Constitution and were in violation of rights protected by 42 U.S.C. §§ 1983 and 1988.

41. As a proximate result of the actions of Defendant PELAYO, Plaintiff VIBRON LLOYD sustained injuries of a personal and pecuniary nature, including violations of his Constitutional rights.

WHEREFORE, Plaintiff VIBRON LLOYD demands judgment against Defendant PELAYO for compensatory damages, punitive damages, attorneys' fees, costs, and for such other relief that this court deems just and equitable.

## COUNT III
## VIBRON LLOYD v. CITY OF CHICAGO
## Violation of Civil Rights – 42 U.S.C. §§ 1983 and 1988

42. Plaintiff hereby reasserts paragraphs one (1) through forty-one (41) as though fully set forth herein.

43. This action is brought pursuant to the laws of the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and the laws of the State of Illinois to redress deprivations of the civil rights of Plaintiff VIBRON LLOYD accomplished by acts or omissions of Defendants committed under color of law.

44. On July 30, 2015, Defendants FISCHER and PELAYO were acting under the color of law, and violated the Fourth, Eighth, and Fourteenth Amendment rights of Plaintiff VIBRON LLOYD under the United States Constitution and were in violation of rights protected by 42 U.S.C. §§ 1983 and 1988.

45. As a proximate result of the actions of Defendants FISCHER and PELAYO, Plaintiff VIBRON LLOYD sustained injuries of a personal and pecuniary nature, including violations of his Constitutional rights.

46. At all relevant times, Defendants FISCHER and PELAYO were employed as police officers of Defendant CITY OF CHICAGO and committed the above acts and omissions alleged

under color of law and in the scope of their employment as Chicago Police officers employed by the CITY OF CHICAGO.

WHEREFORE, should Defendants FISCHER and PELAYO be found liable for any claims in this action, Plaintiff VIBRON LLOYD demands that Defendant CITY OF CHICAGO pay to Plaintiff any judgment obtained against Defendants FISCHER and PELAYO.

## COUNT IV
## VIBRON LLOYD v. CITY OF CHICAGO
## Violation of Civil Rights – 42 U.S.C. §§ 1983 and 1988

47. Plaintiff hereby reasserts paragraphs one (1) through forty-six (46) as though fully set forth herein.

48. This action is brought pursuant to the laws of the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and the laws of the State of Illinois to redress deprivations of the civil rights of Plaintiff VIBRON LLOYD accomplished by acts or omissions of Defendants committed under color of law.

49. Plaintiff VIBRON LLOYD suffered severe injuries at the hands of Defendants PELAYO, FISCHER and CITY OF CHICAGO, resulting from the illegal stop, search and seizure of his person and his vehicle, pursuant to Defendant CITY OF CHICAGO's long-standing, widespread and well-settled practice and custom of stopping and searching all vehicles, based solely upon those vehicles fitting a general description and containing non-Caucasian occupants.

50. On July 30, 2015, the deprivation of the civil rights of Plaintiff VIBRON LLOYD occurred, in part, due to a policy or custom allowed to exist relative to the stop, seizure, detention, and treatment of Plaintiff VIBRON LLOYD.

WHEREFORE, Plaintiff VIBRON LLOYD demands judgment against Defendant CITY OF CHICAGO for compensatory damages, punitive damages, attorneys' fees, costs, and for such other relief that this court deems just and equitable.

Dated:                                           Respectfully submitted,

                                                  */s/ Brad J. Pawlowski*
                                                  One of Vibron Lloyd's Attorneys

                                                  Brad J. Pawlowski
                                                  FRITZSHALL & PAWLOWSKI
                                                  6584 N. Northwest Highway
                                                  Chicago, IL 60631

## CERTIFICATE OF SERVICE

    The undersigned, an attorney, hereby certifies that a copy of the attached, **Third Amended Complaint at Law**, was served upon all parties by electronically filing the same with the Clerk of the United States District Court for the Northern District of Illinois on _____.

                            By:    */s/ Brad J. Pawlowski*
                                       One of Vibron Lloyd's Attorneys