# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VIBRON LLOYD, | ) |
| Plaintiff, | ) |
| | ) No. 16 C 9890 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| CITY OF CHICAGO, a municipal corporation, OFFICER ROBERT FISCHER, #17901, and OFFICER JOSE PELAYO, #10417, | ) |
| Defendants. | ) |

## ORDER

The Court denies Defendant City of Chicago's motion to dismiss Plaintiff's *Monell* claims from Plaintiff's third amended complaint [56]. The Court orders the City to respond to the *Monell* allegations by June 27, 2018. See statement.

## STATEMENT

Defendants Officer Robert Fischer and Officer Jose Pelayo ("Defendant Officers") stopped Plaintiff Vibron Lloyd while he was driving in Chicago and searched his car. Lloyd claims that the Defendant Officers stopped his car pursuant to a long-standing City of Chicago ("City") practice of directing and/or training its police officers to stop and search vehicles that fit a general description—in this case, having rims on the tires—and had more than two African American occupants. In addition to bringing claims against the Defendant Officers in his third amended complaint, Lloyd pursues a *Monell* claim against the City for the unreasonable stop, search, and seizure based on the City's practice of stopping certain vehicles.[1] The City moves to dismiss the *Monell* claim.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

---

[1] Lloyd also asserts an indemnification claim against the City, which the City has not moved to dismiss.

The City argues that Lloyd has not adequately alleged a policy or practice claim under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Liability under *Monell* may be premised on (1) an express policy that, when enforced, causes a constitutional violation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policymaking authority. *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). To adequately allege a *Monell* policy or practice claim, Lloyd must "plead [ ] factual content that allows the Court to draw the reasonable inference that the City maintained a policy, custom, or practice" that contributed to the alleged violation. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (citation omitted) (internal quotation marks omitted).

The City complains that Lloyd uses only boilerplate language and refers only to a single problem he personally experienced, claiming that this single incident cannot establish a widespread practice. But recently, the Seventh Circuit has reminded courts not to apply a "heightened pleading standard" to *Monell* claims. *White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016) (quoting *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993)). A plaintiff may rely solely on his own experience to state a *Monell* claim, rather than pleading examples of other individual's experiences. *See id.* at 844 (noting that plaintiff "was not required to identify every other or even one other individual who had been arrested pursuant to a warrant obtained through the complained-of process"); *Williams v. City of Chicago*, No. 16-cv-8271, 2017 WL 3169065, at *8–9 (N.D. Ill. July 26, 2017) ("Post-*White* courts analyzing *Monell* claims . . . have 'scotched motions to dismiss' premised on arguments that the complaint does not contain allegations beyond those relating to the plaintiff." (collecting cases)). Therefore, Lloyd's allegation that the Defendant Officers unconstitutionally stopped and searched him and his car pursuant to a policy or practice of stopping and searching vehicles fitting certain descriptions with over two African American occupants suffices at this stage to state a *Monell* claim against the City. *See Barwicks v. Dart*, No. 14-cv-8791, 2016 WL 3418570, at *4 (N.D. Ill. June 22, 2016) (at summary judgment, single incident cannot establish *Monell* claim, but at the motion to dismiss stage, a plaintiff "need only allege a pattern or practice, not put forth the full panoply of evidence from which a reasonable factfinder could conclude such a pattern exists"). This is particularly true here, where Lloyd alleges that Officer Fischer confirmed that the Defendant Officers' commander informed them to stop and search vehicles fitting this profile, suggesting that this incident was not isolated but rather a widespread practice. Discovery will uncover whether Lloyd can establish or prove his *Monell* claim, but at the pleading stage, Lloyd need only state a plausible claim for relief. *See Shields v. City of Chicago*, No. 17 C 6689, 2018 WL 1138553, at *4 (N.D. Ill. Mar. 2, 2018) (noting that the "City's arguments that Plaintiff's allegations do not 'establish' the existence of a widespread policy are misplaced because at this stage of the proceedings, the Court must determine whether Plaintiff has stated a plausible claim for relief, not that he has 'established' or 'proven' his claims"). The Court finds that Lloyd has done so here and therefore denies the City's motion to dismiss the *Monell* claim.

Date: June 12, 2018                                                                                    /s/ Sara L. Ellis_____